U.S. Bank, N.A. v Imtiaz (2021 NY Slip Op 05889)





U.S. Bank, N.A. v Imtiaz


2021 NY Slip Op 05889


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-07525
2019-07675
 (Index No. 600593/15)

[*1]U.S. Bank, N.A., etc., respondent,
v
Misbah Imtiaz, et al., appellants, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Misbah Imtiaz and Zohaib Imtiaz appeal from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated March 15, 2019, and (2) a judgment of foreclosure and sale of the same court entered April 9, 2019. The order, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon an order of the same court dated August 3, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Misbah Imtiaz, to strike her answer, and for an order of reference, and denying that defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, and upon the order dated March 15, 2019, among other things, directed the sale of the subject property.
ORDERED that the appeal from the order dated March 15, 2019, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Misbah Imtiaz, to strike her answer, and for an order of reference are denied, the cross motion of the defendant Misbah Imtiaz pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her is granted, and the orders dated August 3, 2017, and March 15, 2019, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Misbah Imtiaz and Zohaib Imtiaz.
The appeal from the order dated March 15, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are [*2]brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The relevant facts underlying this matter may be found in our decision and order in an appeal in a related action, also entited U.S. Bank, N.A. v Imtiaz, commenced under Index No. 2994/10 (see U.S. Bank, N.A. v Imtiaz, _____ AD3d _____ [Appellate Division Docket No. 2017-10391; decided herewith]). In that action, in an order dated September 30, 2015, the Supreme Court granted a motion to vacate the mortgage and directed the Suffolk County Clerk to "vacate, discharge and cancel the mortgage." However, in a subsequent order in that action, dated August 3, 2017 (hereinafter the first August 3rd order), the court granted a motion to vacate the September 30, 2015 order, and directed the Suffolk County Clerk to reinstate and record said mortgage against the subject property.
The plaintiff commenced this action to foreclose the reinstated mortgage lien. In an order dated August 3, 2017 (hereinafter the second August 3rd order), entered in this action, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Misbah Imtiaz, to strike her answer, and for an order of reference, and denied her cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. Thereafter, in an order dated March 15, 2019, the court, among other things, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and on April 9, 2019, a judgment of foreclosure and sale was entered.
However, Misbah Imtiaz appealed from the first August 3rd order, and in the related appeal (see U.S. Bank, N.A. v Imtiaz, _____ AD3d _____ [Appellate Division Docket No. 2017-10391; decided herewith]), we have reversed the first August 3rd order and determined that the mortgage lien remains extinguished by reason of the September 30, 2015 order directing that the mortgage be vacated, discharged, and canceled. Since the mortgage lien remains extinguished, the plaintiff could not maintain this foreclosure action predicated upon that lien. Accordingly, the judgment of foreclosure and sale must be reversed, and the second August 3rd order and the order dated March 15, 2019, must be modified so as to deny the relief awarded to the plaintiff therein and to grant the cross motion of Misbah Imtiaz pursuant to CPLR 3211(a) to dismiss the complaint in this action insofar as asserted against her.
MASTRO, J.P., AUSTIN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court